In the Matter of HARRISON J. GOLDIN, as Comptroller of the City of New York, Respondent, v ROBERT GREENBERG et al., Appellants.—Judgment, denominated an order, of the Supreme Court, Special Term, New York County, entered June 2, 1978, directing appellant to comply with a subpoena duces tecum issued by the respondent Comptroller of New York City, reversed, on the law, without costs and disbursements, and petition to compel compliance denied. The subpoena seeks, in essence, a general audit of the appellant, Colonial Bus Service, Inc., which has a transportation contract with the city's board of education. The Comptroller acknowledges the basis for the underlying subpoena lies in his power to audit the accounts of the board of education. (New York City Charter, § 93.) However, absent a showing that appellant, an independent private contractor, obtained its contract by collusive bidding practices, the Comptroller lacks authority to conduct an audit of appellant which is broader in scope than the many reviews already carried out by employees of the board of education. Accord-

ing to respondent the potential for collusive bidding is highest where bus companies split into smaller entities to circumvent paying for the performance bond required of a company having more than 15 buses; and where there is evidence such companies thereafter operate as one. But here the relationship between Colonial and Abco Bus Company is insufficient to permit an inference of collusive activity for Colonial has 31 buses and, a fortiori, must have a performance bond while Abco which was to have furnished 43 buses and 115 wagons could not secure a performance bond. These companies have neither common shareholders nor common directors and did not even bid for the same routes. Furthermore, even if we accept respondent's assertions respecting the resources and staff it is claimed Colonial and Abco did share, they are hardly enough to justify a general audit. Concur—Birns, J. P., Lane and Yesawich, JJ.

Silverman and Sandler, JJ., dissent in a memorandum by Silverman, J., as follows: I would affirm the order directing compliance with the Comptroller's subpoena duces tecum. Whatever may be the appropriate limitations on the Comptroller's subpoena power with respect to some other fact situation, I think the present case falls fairly within the Comptroller's power of investigation and subpoena. The respondent Colonial Bus Service is not just any company which happens to have a contract with the City of New York. The transportation of pupils under contract with the city board of education is apparently its exclusive source of revenue, and it has received $500,000 under such contract. In these circumstances there can hardly be any aspects of Colonial's finances that do not concern the city, especially where, as here, there appears to be some suggestion of possible irregularity in bidding, etc.